UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

M&T BANK CORPORATION,

              18-CV-787-EAW-MJR
              DECISION AND ORDER

       Plaintiff,

-v-

STATE NATIONAL INSURANCE COMPANY,

       Defendant.

  Currently before the Court is the motion of defendant State National Insurance Company ("SN") to preclude plaintiff M&T Bank Corporation ("M&T") from "clawing back" documents produced in discovery. (Dkt. No. 90). For the following reasons, the Court denies SN's motion.

## BACKGROUND[1]

  M&T's January 17, 2020 document production included two documents that are the subject of this motion. The first document is an August 21, 2015 email from Brian Murphy to George Joseph, who are both non-lawyers employed in M&T's Mortgage Lending Division. Attached to the email are documents entitled "Sensitivity Tables." The second document is an email chain between Doug Crow, a non-lawyer Administrative Vice President at M&T, and George Joseph, the same non-lawyer receiving the first document. Attached to that email is a chart entitled "Extrapolated Potential Exposure." Both the "Sensitivity Tables" and the "Extrapolated Potential Exposure" chart (referred to

---

[1] The Court assumes the parties' familiarity with the facts in this case.

collectively herein as "the Spreadsheets") relate to M&T's evaluation of the Department of Justice's ("DOJ") initial settlement demand.

By letter dated March 6, 2020 to SN's counsel, M&T notified SN, pursuant to the Court's November 21, 2018 Protective Order, of the inadvertent production of the Spreadsheets, asserting that the Spreadsheets are protected from disclosure by both the attorney-client privilege and the work product doctrine. See SN's Motion, Exh. 5. Section (G)(2) of the Protective Order provides that, in the event of an inadvertent production of privileged information, "the disclosure of that [privileged information] will not constitute or be deemed a waiver or forfeiture – in this or any other federal, state, arbitration, or any other proceeding – of any claim of privilege or protection of any kind that the [p]roducing [p]arty would otherwise be entitled to assert with respect to the [privileged information] and its subject matter." Protective Order (Dkt. No. 24) at (G)(2). M&T asks that SN "take reasonable efforts to identify and return, sequester, destroy and/or delete any reasonably accessible copies" of the Spreadsheets. SN's Motion, Exh. 5.

The instant motion followed on April 3, 2020.

## DISCUSSION

SN asserts two arguments in support of its motion that M&T's request for a "claw back" of the Spreadsheets should be denied: (1) that the Spreadsheets are not protected by either the attorney-client privilege or the work product doctrine; and (2) even if the Spreadsheets are protected documents, M&T has waived any privilege because it has put the contents of the documents "at issue" in this case. The Court finds that both arguments are unavailing.

First, the Spreadsheets are protected from disclosure by the attorney-client privilege.

In opposition to SN's motion, M&T has submitted an affidavit from Thomas Frederick, Administrative Vice President and Associate General Counsel in M&T's legal department. M&T's Response, Exh. B. Frederick states that the Spreadsheets were prepared at the request of M&T's counsel to provide counsel with factual information so that counsel could provide legal advice to M&T with respect to the DOJ investigation and the proposed settlement of that investigation. *Id.*

The attorney-client privilege protects not only communications from a lawyer to his client conveying legal advice, but also "**the giving of information to the lawyer to enable him to give sound and informed advice.**" *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) (citations omitted) (emphasis added). Here, the Spreadsheets were created by employees of M&T (the client) to provide information to M&T's legal department (their attorneys) for purposes of providing legal advice and services in connection with the DOJ investigation. This is precisely the type of communication that is protected from disclosure by the attorney-client privilege—confidential information provided by the client to his lawyer so that the client's lawyer may formulate and provide legal advice. *Accord Id.*; *see also GenOn Mid-Atlantic, LLC v. Stone & Weber Inc.*, No. 11 Civ. 1299 (HB)(FM), 2011 WL 5439046, at *13-14 (S.D.N.Y. Nov. 10, 2011) (spreadsheets provided to counsel in preparation for settlement negotiations were privileged).

Second, the Spreadsheets are also protected from disclosure by the work product doctrine.

The work product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his [or her] adversaries." *Softview Computer Prods. Corp. v. Haworth Ins. Co.*, No. 97 Civ. 8815 KMWHBP, 2000 WL 351411, at *3 (S.D.N.Y. Mar. 31, 2000) (*quoting United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1988)) (internal quotations omitted) (other citations omitted). The work product doctrine protects from disclosure "documents and tangible things . . . prepared for litigation or trial by or for another party or by or for that other party's representative[.]" Fed. R. Civ. P. 26(b)(3).

A document is deemed to be prepared for litigation for purposes of the work product doctrine if "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Softview*, 2000 WL 351411 at *4 (*quoting Adlman*, 134 F.3d at 1202). The work product doctrine expressly extends to documents prepared by an agent of the attorney as well as by the attorney himself or herself. *Id.; see also United States v. Nobles*, 422 U.S. 225 (1975) (It is necessary that the doctrine "protects material prepared by agents for the attorney as well as those prepared by the attorney himself."). Documents relating to and evaluating settlement options are "core" work product. *See Anderson v. Sotherby's Inc.*, No. 04 Civ. 8180 (SAS) (DFE), 2005 WL 5439046, at *7 (S.D.N.Y. May 13, 2005) (discussions of settlement numbers "are 'core' work product which must be protected under Rule 26(b)(3)."); *see also GenOn*, 2011 WL 5439046, at *7 (documents reflecting the mental impressions of counsel regarding the strength of the client's claims, their resulting value, and a strategy for reaching a successful resolution are properly withheld as work product).

Here, the Spreadsheets were prepared by employees of M&T at the direction of counsel and solely as a result of the ongoing DOJ investigation. *See* M&T's Response, Exh. B at ¶¶ 11, 16-17. They would not have been created but for the ongoing DOJ investigation–there was no separate business purpose for the Spreadsheets. *See Id.* at ¶ 17. They were used to strategize and provide legal services to M&T with respect to the DOJ investigation and the ultimate settlement. *Id.* Thus, the Spreadsheets are quintessential work product–documents prepared for litigation by a party's representatives. *Accord* Fed. R. Civ. P. 26(b)(3); *Anderson*, 2005 WL 6567123, at *9; *GenOn*, 2011 WL 5439046, at *7.

Finally, the "at issue" waiver does not apply here. An "at issue" waiver can only occur "where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information." *Windsor Sec., LLC v. Arent Fox LLP,* 273 F. Supp. 3d 512, 518 (S.D.N.Y. 2017) (citations omitted); *see also In re County of Erie*, 546 F.3d 222, 229 (2d Cir. (2008) ("We hold that a party must **rely** on privileged advice from his counsel to make his claim or defense.") (emphasis in original). Importantly, **"that a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit;** if that were the case, a privilege would have little effect." *Windsor,* 273 F. Supp. 3d at 518 (*quoting Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.,* 837 N.Y.S.2d 15, 23 (N.Y. App. Div. 2007)) (internal quotations omitted) (emphasis added). Instead, the doctrine applies

"when the party has asserted a claim or defense that he intends to prove by *use* of the privileged materials." *N. River Ins. Co. v. Columbia Cas. Co.*, No. 90 Civ. 2518 (MJL), 1995 WL 5792, at *6 (S.D.N.Y. Jan. 5, 1995) (internal quotations and citations omitted) (emphasis added).

SN argues that M&T has put its privileged communications at issue because the allocation of the settlement amount (between compensatory and punitive damages) is "a central issue in this case."[2] SN's Motion at 3. When this argument is boiled down, SN is really arguing that the Spreadsheets might be relevant to its defense. That is not the test for an "at issue" waiver. Rather, under *In re County of Erie*, SN must show that M&T is relying on the privileged material in question, *i.e.*, the Spreadsheets, in order to establish the elements of its insurance claim. That simply is not the case here. M&T is not relying on the advice of counsel–or the Spreadsheets created at the direction of counsel–for any element of its insurance claim. Thus, the "at issue" waiver is inapplicable.

The Court's decision does not mean that the factual information contained in the Spreadsheets is shielded from discovery. SN can run similar spreadsheets with any assumptions based on the loans at issue. Further, SN will have a full and fair opportunity to depose M&T's fact witnesses as to what they considered in entering into the settlement. *See Arkwright Mut. Ins. Co. v. National Fire Ins. Co. of Pittsburgh*, No. 90 Civ. 7811 (AGS), 1994 WL 510043, at *8 (S.D.N.Y. Sept. 16, 1994) (rejecting the argument that because privileged documents contain facts they are discoverable and explaining that any relevant facts may be discovered through depositions).

---

[2] Nothing in this decision should be construed as an opinion by the Court as to whether the allocation of the settlement is relevant or applicable under the facts and circumstances present here.

## CONCLUSION

For the reasons stated, SN's motion to preclude M&T from "clawing back" documents produced in discovery (Dkt. No. 90) is denied. SN is hereby ordered to take reasonable efforts to identify and return, sequester, destroy and/or delete any reasonably accessible copies of the Spreadsheets and the emails to which they were attached.

**SO ORDERED.**

Dated:    June 19, 2020
          Buffalo, New York

*/s/ Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge