FILED
SEP 11 2020
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

M&T BANK CORPORATION,

                Plaintiff,

-v-

STATE NATIONAL INSURANCE COMPANY,

                Defendant.

18-CV-787-EAW-MJR
DECISION AND ORDER

---

At the July 7, 2020 discovery hearing in this case, the Court ordered the *in camera* inspection of certain documents (twenty-nine in total) that the plaintiff M&T Bank Corporation ("M&T") redacted in this litigation based on attorney-client privilege. M&T has provided the Court with two binders containing copies of these documents, one with redacted copies and one with unredacted copies. M&T also provided the Court and defendant State National Insurance Company ("SN") with the Declaration of Thomas K. Frederick, Esq., Administrative Vice President and Associate General Counsel in the Legal Department of M&T, providing context for the attorney-client privilege redactions in the documents at issue. SN has provided the Court with a letter dated July 21, 2020, offering the Court guidance in reviewing the documents and arguing for their disclosure.

The Court has reviewed the documents and makes the following findings.[1]

---

[1] The Court assumes familiarity with the background of this case. Copies of all documents and communications reviewed, *in camera*, by the Court will be retained and filed under seal in connection with this Decision and Order. This under seal filing also includes the letter submissions by counsel and the Declaration of Thomas K. Frederick, Esq.

**_Tabs 1-14_**

In his declaration, Mr. Frederick states that the redacted documents located at Tabs 1-14 relate to "attorney-client privileged presentations" made to M&T's management. He states that these power point presentations "reported on and gave legal advice with respect to the DOJ [Department of Justice] investigation and proposed settlement of that investigation." He explains that the presentations "were created at the direction of counsel to evaluate the risks of the investigation as well as a potential settlement" and included "comments from several attorneys in M&T['s] legal department who were charged with providing legal advice to [M&T] in connection with the DOJ investigation," including Mr. Frederick, Paul Kucinski, Esq. and Arthur Salman, Esq.

Tabs 1-4 each contain emails with the same power point presentation attached, which appears to have been prepared by and exchanged among non-attorney M&T employees. The power point is labeled as "Attorney-Client Communication Privileged and Confidential." It also appears, as Mr. Fredericks states in his declaration, that the power point presentation was prepared at the direction of counsel for the purpose of receiving legal advice regarding the DOJ investigation. The power point even states that it was to be discussed with outside counsel. Accordingly, the Court finds that the redacted documents (including the redacted portions of the emails) contained at Tabs 1-4 are protected by the attorney-client privilege for the same reasons stated in the Court's June 19, 2020 Decision and Order (Dkt. No. 96).

Tabs 5-14 each contain subsequent power point presentations of the same nature as Tabs 1-4, and are therefore also protected by attorney-client privilege.

### Tab 15

Mr. Frederick states in his declaration that Tab 15 is an attorney-client presentation prepared by one of M&T's in-house counsel who was responsible for pursuing insurance coverage for the DOJ investigation. The power point relates to possible insurance coverage for the investigation. According to Mr. Frederick, the presentation includes privileged information obtained from M&T's outside insurance coverage counsel, which seems to make sense based on the nature of the document. The power point is labeled as "Attorney/Client Communication Privileged and Confidential." The Court finds that the redacted documents at Tab 15 are protected by the attorney-client privilege.

### Tabs 16-20

Mr. Frederick states that the redacted documents contained at Tabs 16-20 are communications prepared by M&T's Legal Department for M&T employees relating to ongoing litigation matters, and that these presentations include certain mental impressions of M&T's inhouse and/or outside counsel. The documents are all labeled as Attorney-Client Privileged or Attorney Work Product.

After reviewing these documents, the Court finds that Mr. Frederick's statements regarding the redacted documents are correct and that these documents are therefore protected by the attorney-client privilege.

### Tab 21

Tab 21 is a communication from M&T's outside counsel to M&T's inhouse counsel relating to the DOJ investigation. It contains certain mental impressions by outside

counsel and is labeled Privileged and Confidential.  The Court finds that this document is protected by attorney-client privilege.

### *Tabs 22-23*

Mr. Frederick states that the redacted documents at Tabs 22-23 relate to factual information requested by M&T's inhouse counsel from M&T employees for the purpose of formulating legal advice with respect to the investigation and settlement of the DOJ investigation.  The documents are labeled as Attorney-Client communications.

After reviewing these documents, the Court finds that Mr. Frederick's statements regarding the redacted documents are correct and that these documents are therefore protected by the attorney-client privilege for the same reasons stated in the Court's June 19, 2020 Decision and Order.

### *Tab 24*

Mr. Frederick states that redacted document contained at Tab 24 is "an attorney-client privileged chart conveying settlement information that one M&T [] employee is requesting from another." The document is labeled as an Attorney/Client Communication.

The Court finds that M&T has failed to meet its burden of showing that this document is protected by attorney-client privilege.  While it is labeled as an Attorney/Client Communication, there is no mention by Mr. Frederick as to who authored this document or from where the information contained in it was obtained.

### *Tabs 25-29*

Mr. Frederick states that the redacted documents contained in Tabs 25-29 are related to "privileged information and legal advice" that one M&T non-attorney employee received from M&T's inhouse counsel and passed along to other non-attorney employees. He states that "there is no separate business purpose for the redacted information, rather, it was used to strategize and provide legal services to M&T [] with respect to the DOJ investigation, insurance coverage for the DOJ investigation, and/or the ultimate Settlement of the DOJ investigation."

The Court finds that M&T has failed to meet its burden of showing that these documents are protected by attorney-client privilege. While they are labeled Attorney/Client Communications, they appear to be just updates on the DOJ investigation being disseminated by non-attorney M&T employees to other non-attorney M&T employees. It is not clear to the Court what, if any, legal advice is contained in these documents.

Further, even if these documents were protected by attorney-client privilege, M&T has failed to meet its burden of showing that the privilege is not waived by the dissemination of these documents to multiple non-attorney employees. "In general, whether the dissemination of privileged communications to corporate employees vitiates the privilege is decided by applying a "need to know" standard[.]" *Scholtisek v. Eldre Corp.*, 441 F. Supp. 2d 459, 464, (W.D.N.Y. 2006) (citations omitted). In other words, the question is whether the recipient had a need to know the content of the communication in order to perform his or her job effectively or to make informed decisions concerning, or affected by, the subject matter of the communication. *Id.* (citations omitted).

Here, M&T has failed to make this showing. Mr. Frederick does not state what positions the recipients of these documents held at M&T or why they needed to know this information to perform their jobs.[2]

## CONCLUSION

For the reasons stated, the Court finds that all of the redacted documents provided for its *in camera* review are protected by the attorney-client privilege with the exception of the redacted documents at Tabs 24-29. The documents at Tabs 24-29 shall be disclosed by M&T to SN within 30 days from this Decision and Order unless an appeal is filed, in which case, the Court's Order shall be stayed pending resolution of the appeal.

**SO ORDERED.**

Dated:   September 11, 2020
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge

---

[2] For the reasons stated in its June 19, 2020 Decision and Order, the Court rejects SN's argument that the "at issue" waiver applies in this case.